**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

RASHEEN NEWKIRK,

                 Petitioner,

          v.                                      14-CR-0031-A
                                                17-CV-1077-A

UNITED STATES OF AMERICA,               **DECISION AND ORDER**

                 Respondent.
_____

Petitioner Rasheen Newkirk seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

## BACKGROUND

On February 2, 2017, Petitioner pleaded guilty to possessing heroin with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). Several months later, the Court sentenced Petitioner to an aggregate sentence of 151 months' imprisonment. Judgment was entered on June 21, 2017. Petitioner did not file a notice of appeal.

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 145. Petitioner's sole argument for relief is that his attorney was ineffective because he did not file a notice of appeal after the Second Circuit decided *Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017), a case that, Petitioner claims, affects whether he is properly classified as a Career Offender under the U.S. Sentencing Guidelines. *Harbin* was decided six days after Petitioner was sentenced.

1

## DISCUSSION

In his plea agreement, Petitioner "knowingly waive[d] the right to . . . collaterally attack any component of a sentence imposed by the Court which falls within or is less than" a Sentencing Guidelines range of 151 to 188 months' imprisonment. Docket No. 134 ¶ 20. Petitioner agreed to waive this right knowing that he was also "waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of . . . a change in the law which the defendant believes would justify a decrease in the defendant's sentence." *Id.* ¶ 20. At sentencing, the Court sentenced Petitioner to an aggregate sentence of 151 months' imprisonment. Thus, the Court sentenced Petitioner to a term of imprisonment within the scope of the collateral-attack waiver.

A collateral-attack waiver is "'presumpti[vely] . . . enforceabl[e]." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d. Cir 2000)) (brackets omitted). A court may disregard a collateral-attack waiver in only a few narrow circumstances, "'such as (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the [petitioner's] sentence, thus amounting to an abdication of the judicial responsibility subject to mandamus.'" *Id.* Moreover, it is well settled that, "[e]ven if the plain language of the plea agreement" prohibits a collateral attack, a court should "not enforce . . . a waiver" when a petitioner "is challenging the constitutionality of the process by which he waived" his collateral-attack rights. *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (addressing waiver of appellate

rights).  *See also id.* at 114 ("The rationale is that the very product of the alleged ineffectiveness cannot fairly be used to bar a claim of ineffective assistance of counsel.") (quotation marks omitted).

Petitioner does not suggest, nor does the record show, that the plea agreement's collateral-attack waiver is unenforceable for any of the reasons set forth above. Moreover, Petitioner's claim of ineffective assistance of counsel concerns *post-sentence* conduct.  Thus, Petitioner's ineffective-assistance claim does not suggest "that the waiver was the result of ineffective assistance of counsel."[1]  *United States v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004) (addressing appellate waiver).  The plea agreement's collateral-attack waiver is, therefore, enforceable, and it bars Petitioner's § 2255 motion.

Even an enforceable collateral-attack waiver, however, cannot bar a claim that an attorney was ineffective for failing to file a requested notice of appeal.  *Campusano v. United States*, 442 F.3d 770, 775 (2d Cir. 2006) (addressing appellate waiver).  If a habeas petitioner makes such a claim, the district court must hold "a hearing . . . to determine whether the client requested the appeal."  *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006).

Petitioner, as noted, alleges that his attorney was ineffective because he failed to file a notice of appeal.  But Petitioner does *not* claim that he ever requested that his attorney file a notice of appeal.  Rather, Petitioner alleges that his attorney failed to file a notice of appeal in light of post-sentencing legal developments.  The Second Circuit has

---

[1] Petitioner's motion to amend (Docket No. 148) is granted.  However, the claims Petitioner raises in his amended § 2255 motion are also barred by the plea agreement's collateral-attack waiver because those claims do not concern "the process by which [Petitioner] agreed to plead guilty."  *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008).  Rather, Petitioner's new claims argue that his attorney was ineffective for not seeking dismissal or suppression.  These arguments, however, concern "pre-plea events rather than the plea agreement process."  *Id.*  Thus, they do not render the collateral-attack waiver unenforceable.

3

repeatedly stated, however, that a habeas petitioner must have *requested* that his attorney file a notice of appeal in order to bypass an otherwise-enforceable collateral-attack waiver.[2] Petitioner does not suggest that he requested that his attorney file a notice of appeal. As a result, his claim does not survive the plea agreement's collateral-attack waiver.

Finally, Petitioner's arguments about the Supreme Court's recent decision in *Class v. United States* are without merit. *Class* held that a guilty plea does not "bar a criminal defendant from later appealing his conviction on the ground that the statute of conviction violates the Constitution," --- S. Ct. ---, 2018 WL 987347, at *2 (2018), at least where—as in *Class*—the plea agreement's appeals waiver "said nothing about the right to raise on direct appeal a claim that the statute of conviction was unconstitutional." *Id.* at *3. This holding has no bearing on the issue Petitioner raises in his § 2255 motion. Petitioner does not raise a constitutional challenge to his statutes of conviction; rather, he raises a non-constitutional challenge to his Sentencing Guidelines calculation.

## CONCLUSION

For the reasons stated above, Petitioner's motion to amend (Docket No. 148) is granted, and his § 2255 motion (Docket No. 145) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings,

---

[2] *See id.* at 773 ("[A] lawyer who disregards a defendant's *specific instructions* to file a notice of appeal acts in a manner that is professionally unreasonable.") (emphasis added); *Daragjati v. United States*, 598 F. App'x 50, 52 (2d Cir. 2015) ("[W]henever a § 2255 movant 'claims that his attorney failed to file a *requested* notice of appeal,' the district court is required to hold a hearing 'to determine whether the client *requested* the appeal without assessing the merits of the *requested* appeal.'") (quoting *Campusano*, 442 F.3d at 776) (ellipsis omitted; emphasis added); *United States v. Moreno-Rivera*, 472 F.3d 49, 52 (2d Cir. 2006) ("While [petitioner] has informed his new appellate counsel that he 'always *wanted* to appeal,' [petitioner]'s intentions are irrelevant to an ineffective assistance claim. What matters for purposes of that claim is whether [petitioner]'s trial counsel 'failed to file a *requested* appeal' in a timely manner.") (citations omitted; emphasis in original) (quoting *Garcia v. United States*, 278 F.3d 134, 137 (2d Cir. 2002).

the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of Court shall take all steps necessary to close the parallel civil action, 17-CV-1077-A.

**SO ORDERED.**


Dated: March 20, 2018                  *s/Richard J. Arcara*
    Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT JUDGE